6           IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

9  PRODUCTIVE PEOPLE, LLC, an Illinois)   No. CV-09-1080-PHX-GMS
   limited liability company,         )
10                                    )   **ORDER AND PRELIMINARY**
                  Plaintiff,          )   **INJUNCTION**
11                                    )
   vs.                                )
12                                    )
                                      )
13 IVES DESIGN, a sole proprietorship;)
   AMELIA IVES, an individual;)
14 GODADDY.COM, INC.,                 )
                                      )
15                Defendants.         )
                                      )
16 _____)

       Pending before the Court is the Motion to Dismiss of Defendants Amelia Ives and Ives Design ("the Ives Defendants") (Dkt. # 21) and the Application for a Preliminary Injunction of Plaintiff Productive People, LLC (Dkt. # 6).

       The facts of this case are laid out in the Court's Order issued on May 29, 2009 (Dkt. # 13), and will not be recapitulated at length here. In short, Plaintiff argues that Defendant Ives Design, as well as its sole owner and operator, Defendant Amelia Ives, are infringing on Plaintiff's NAMEDROP trademark by operating www.namedrop.com. The Court's prior Order granted Plaintiff a temporary restraining order against the Ives Defendants, gave the Ives Defendants an opportunity to respond to Plaintiff's Application for a Preliminary Injunction, and set a hearing on the matter. (*Id.*) The Ives Defendants declined to attend the

1 hearing, but did file a "Notice of Non Appearance" (Dkt. # 15),[1] a motion to dismiss (Dkt. # 21),[2] and an Opposition to Entry of a Preliminary Injunction (Dkt. # 18). For the reasons described below, the Court denies the motion to dismiss and grants a preliminary injunction.

## I.     Motion to Dismiss

The Ives Defendants argue that this matter should be dismissed because there are insufficient contacts between the parties and Arizona to support general jurisdiction, there is no specific jurisdiction because Defendants have not purposefully directed activities at Arizona or purposefully availed themselves of the privilege of conducting business in Arizona, Defendants have never consented to jurisdiction in Arizona, and venue is improper in Arizona. (Dkt. # 21.)[3] Plaintiff disputes all of these points. (Dkt. # 25.)

The Court need not resolve all of these arguments, however, because the existence of a forum selection clause in this case renders personal jurisdiction and venue proper in this Court. A contract's forum selection clause alone is sufficient to confer personal jurisdiction and venue, *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406-07 (9th Cir. 1994), and "[a]t the initial stage of litigation, a party seeking to establish jurisdiction need only make a *prima facie* showing by alleging facts which, if true, would support the court's exercise of

---

[1] In the Notice of Non Appearance, Ms. Ives states that it would "create an extreme hardship for the Defendant, who resides in Boulder, Colorado, to appear before this Court on Friday, June 5th at 3 pm." (Dkt. # 15.) The Court's staff made several attempts to contact Ms. Ives at the phone number appearing on her documents in order to discuss rescheduling the hearing, but the phone was never answered and the voicemail to which the Court's staff was eventually transferred was full. The Court therefore instructed opposing counsel to inform Ms. Ives by email that she could appear at the hearing telephonically if she so desired. Ms. Ives did not do so.

[2] Docket Number 16 is also titled a motion to dismiss, but the document itself is identical to Ms. Ives' Notice of Non Appearance. The Court will therefore deny any motion made in this document as moot.

[3] The Ives Defendants also argue, in a two-sentence section, that 47 U.S.C. § 230 compels the dismissal of the Complaint "for improperly enjoining an internet service provider as a codefendant." (Dkt. # 21 at 14.) The Court does not find this argument sufficiently developed to be presented to the Court for determination.

- 2 -

jurisdiction," *New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997).

Here, it is undisputed that the Ives Defendants agreed to GoDaddy.com's terms of service agreement, and it is likewise undisputed that, under the agreement, registrants of domain names on GoDaddy.com agree to litigate all disputes over the use of that domain name in the courts of this District. Specifically, the agreement provides: "[f]or the adjudication of disputes concerning the use of any domain name registered with Go Daddy, You agree to submit to jurisdiction and venue in the U.S. District Court for the District of Arizona located in Phoenix, Arizona." (Dkt. # 1 at 4; Dkt. # 20 Ex. 2 at 8.) This case clearly involves a "dispute[] concerning the use of [a] domain name registered with [GoDaddy.com]," and thus jurisdiction and venue in this District are proper.

The Ives Defendants argue that this language is intended to be limited to suits between the Ives Defendants and GoDaddy.com over the rights and obligations of the Agreement because the Agreement elsewhere provides that it is enacted "by and between Go.Daddy.com ('Go Daddy') a/an Arizona corporation and you, your heirs, agents, successors and assigns ('You')," "You" referring to Defendant Ives Design, the owner of the website being registered. (Dkt. # 20 Ex. 2 at 1.) However, the plain language of the contract undermines the Ives Defendants' proposed construction. The relevant paragraph provides:

> Except for disputes concerning the user of a domain name registered with Go Daddy, You agree that the laws and judicial decisions of Maricopa County, Arizona, shall be used to determine the validity, construction, interpretation and legal effect of this Agreement. You agree that any action relating to or arising out of this Agreement shall be brought in the courts of Maricopa County, Arizona. For the adjudication of disputes concerning the use of any domain name registered with Go Daddy, You agree to submit to jurisdiction and venue in the U.S. District Court for the District of Arizona located in Phoenix, Arizona.

(Dkt. # 20 Ex. 2 at 8.) The first sentence is a choice of law clause, and thus it is not applicable here. The second sentence is a forum selection clause governing disputes "relating to or arising out of [the] Agreement," and it provides that those disputes shall be brought in the Maricopa County Superior Court. The third sentence is a forum selection

1 clause governing a different kind of dispute – those "concerning the use of any domain name
2 registered with Go Daddy" – and it provides that such disputes may be brought in the federal
3 district court in Arizona.

4 The dichotomy between the second and third sentences establishes that the latter
5 forum selection clause does not apply only to disputes between the parties over rights and
6 obligations in the Agreement. If it was so limited, then the scope of the second and third
7 sentences would be coextensive, as any dispute "concerning the use of any domain name
8 registered with Go Daddy" would also be a dispute "relating to or arising out of [the]
9 Agreement." This would, at the very least, make one of the forum selection clauses
10 redundant. At most, the two forum selections clauses would actually be contradictory, since
11 they designate two different forums ("the courts of Maricopa County, Arizona" and "the U.S.
12 District Court for the District of Arizona"). It is a well-accepted rule that courts should avoid
13 construing contractual terms as either redundant or inconsistent. *Allen v. Honeywell Ret.*
14 *Earnings Plan*, 382 F. Supp. 2d 1139, 1165 (D. Ariz. 2005) (declining to read a contract in
15 a way that would render a term meaningless because that would be "a result contrary to the
16 rule of contract interpretation that disfavors constructions that nullify a contract term or
17 render a term superfluous or redundant"); *see also Hamberlin v. Townsend*, 76 Ariz. 191,
18 196, 261 P.2d 1003, 1006 (1953) ("Where two clauses [in a contract] are inconsistent and
19 conflicting . . . apparently conflicting provisions must be reconciled . . . ."). Thus, the Ives
20 Defendants' proposed construction of the second forum selection clause is unpersuasive.

21 The fact that the agreement was entered into between GoDaddy.com and the Ives
22 Defendants means only that those are the parties bound by the agreement. Being bound
23 parties, the Ives Defendants cannot escape the forum selection clause. Nor does the fact that
24 Plaintiff is not a signatory to the contract render the forum selection clause unenforceable in
25 these circumstances. Non-parties may enforce forum selection clauses. *See Manetti-Farrow,*
26 *Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) (explaining that both "parties
27 and non-parties" may "benefit from and be subject to forum selection clauses"). As a party
28 with a dispute concerning the use of a domain name registered on GoDaddy.com – indeed,

1  a dispute that was the subject of active litigation at the time of the registration – Plaintiff may
2  enforce the clause against the Ives Defendants. *Cf. Novak v. Tucows, Inc.*, No. 06-CV-1909,
3  2007 WL 922306, at *13 (E.D.N.Y. Mar. 26, 2007) (holding that a forum selection clause
4  could be applied to a non-signatory to a domain name registration agreement).[4]

At this stage of the litigation, and under these specific circumstances, Plaintiff has sufficiently established personal jurisdiction and venue pursuant to the forum selection clause because this is a dispute concerning the use of a domain name registered with GoDaddy.com. This action therefore will not be dismissed.[5]

## II. Preliminary Injunction

The Court's prior Order details why Plaintiff is entitled to injunctive relief. (Dkt. # 13.) Defendant Amelia Ives' Opposition to Plaintiff's Application does nothing more than repeat verbatim the arguments she made to the California district court in opposition to Plaintiff's Application there.[6] (Dkt. # 18.) The Court has already considered and addressed

---

[4] The Agreement does contain a clause stating that the Agreement was not intended to confer any rights, remedies, obligations, or liabilities on a third party unless otherwise provided for in the agreement. (Dkt. # 20 Ex. 2 at 9.) The Court need not determine whether the second forum selection clause was intended to fall under the exception of this provision, however, because "third-party beneficiary status is not required" for non-parties to benefit from or be bound by forum selection clauses. *See Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 210 n.7 (7th Cir. 1993).

[5] In the conclusion of the motion to dismiss, the Ives Defendants request a continuance of sixty days "in order to coordinate their legal defense efforts with [GoDaddy.com]." (Dkt. # 21 at 14.) Granting continuances is within the discretion of the trial court. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008). The Ives Defendants have offered no substantive reason why they need a continuance to discuss this matter with GoDaddy.com, nor is a good reason for delaying this matter otherwise apparent. Therefore, the Court denies the Ives Defendants' request.

[6] The Ives Defendants have also filed an "Opposition to Plaintiff's Reply," which actually constitutes a surreply for which the local rules make no provision. *See* LRCiv 7.2 (providing for responsive and reply memoranda only). Plaintiff has filed a motion to strike this document (Dkt. # 29), and that request will be granted. Moreover, this document contains no certificate of service, despite the fact that the Court specifically ordered Defendants to "serve copies of any future filings in this case upon Plaintiff." (Dkt. # 24.)

those arguments in its Order granting a temporary restraining order. (Dkt. # 13.) Because Defendants have given the Court no reason to alter the conclusions provided in its previous Order, and because "[t]he standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction," *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002), the Court will enter a preliminary injunction.

Plaintiff has requested that the Court provisionally transfer the websites at issue here from Defendant Ives Design to itself, or alternatively that the Court order the Ives Defendants to refrain from using the term "namedrop" in conjunction with its websites. The Ives Defendants swiftly complied with the Court's temporary restraining order requiring that the infringing websites be taken down, and there is no indication that more drastic measures are warranted at this time. Therefore, the Court will not transfer the websites, but instead will enter a preliminary injunction enjoining infringing use of the websites throughout the pendency of this litigation.

## CONCLUSION

For the reasons discussed above:

**IT IS HEREBY ORDERED** that the telephonic hearing set for 1:30 p.m. on Thursday, June 18, 2009 (*see* Dkt. # 26), is **VACATED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Plaintiff's Complaint or Motion to Change Venue (Dkt. # 16) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Dkt. # 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Surreply (Dkt. # 29) is **GRANTED**.

---

The Court will therefore not consider this document, and the Court likewise will not consider any future filings by the Ives Defendants that are not properly served upon Plaintiff and certified as such.

1 **IT IS FURTHER ORDERED** that Plaintiff's Application for a Preliminary
2 Injunction (Dkt. # 6) is **GRANTED**.

3 **IT IS FURTHER ORDERED** that, during the pendency of this litigation,
4 Defendants Amelia Ives and Ives Design are enjoined from operating
5 www.namedrop.com, www.name-drop.com, and www.name-drops.com in an infringing
6 manner. Defendants Amelia Ives and Ives Design are further enjoined from transferring,
7 selling, or otherwise disposing of control over these websites during the pendency of this
8 litigation.

9 **IT IS FURTHER ORDERED** that this Order is binding on Defendant Ives Design
10 and Amelia Ives; their officers, agents, servants, employees, and attorneys; and any person
11 acting in concert or participation with anyone previously described and having actual notice
12 hereof.

13 **IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure
14 65(c), Plaintiff shall post a $10,000 bond as security for this preliminary injunction. The
15 $5,000 bond required as security on the temporary restraining order is hereby exonerated.

16 **IT IS FURTHER ORDERED** directing Plaintiff to serve notification of this Order
17 upon all Defendants. Plaintiff is further directed to provide a copy of this Order to
18 Defendants via email within twenty-four hours of its issuance.

19 DATED this 18th day of June, 2009.

_____
G. Murray Snow
United States District Judge